FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

99 MAR 17 PM 3:06

U.S. DISTRICT COURT
N.D. OF ALABAMA

JAY SCOTT CLAPPER,              )
                                )
    PLAINTIFF,                  )
                                )   CIVIL ACTION NO:      ENTERED
VS.                             )   CV-980l-1227-W
                                )                         MAR 17 1999
GREAT-WEST LIFE & ANNUITY       )
INSURANCE COMPANY; et. al.,     )
                                )
    DEFENDANTS.                 )

## MEMORANDUM OPINION

Before the court is the plaintiff's Motion for Summary Judgment filed on September 16, 1998. The motion was taken under submission on January 29, 1999. After careful consideration of the briefs and evidentiary materials submitted, the court finds that the plaintiff's motion is due to be GRANTED and the action will be dismissed without prejudice.

### Facts

On March 4, 1997, James Clapper committed suicide. At the time, he was employed as a crane operator by Mannington Wood Floors ("Mannington"). Mr. Clapper began his employment with Mannington on December 16, 1993. Thereafter, he became a participant in a group term insurance plan established by Mannington, which had contracted with Great-West to provide administrative services in connection with that plan. The sum of the proceeds, including interest, from the life insurance plan is $26,424.99. Plaintiff Jay Scott

11

Clapper is the named beneficiary of his deceased brother James Clapper's life insurance policy. Jay Scott Clapper claims the proceeds as the designated beneficiary of the group life insurance plan.

Loretta Mae Clapper is James Clapper's former wife. James and Loretta Mae Clapper's divorce and property settlement agreement became final on December 21, 1989. The divorce decree required James Clapper to maintain a life insurance policy for the benefit of his minor children in an amount not less than $25,000 and up to $50,000 if such policy was available from his employer. Loretta Mae Clapper also claims the proceeds from the life insurance plan on behalf of her children, Crystal Clapper and Jessica Clapper, pursuant to the divorce decree.

On July 2, 1998, this court permitted Great-West to interplead the value of the insurance policy it maintained on the life of James Clapper, releasing and discharging Great-West from any and all liability arising under the policy to either Jessica Clapper or Jay Scott Clapper. The issue to be resolved by the plaintiff's motion for summary judgment is whether Jay Scott Clapper, as the named beneficiary of the life insurance policy, is entitled to the proceeds of that policy, or whether, Jessica Clapper, as per the agreement incorporated in the divorce decree, is entitled to those proceeds.

## Analysis

Lorreta Mae Clapper contends on behalf of her children, Crystal and Jessica Clapper, that the children have an equitable interest in the proceeds of the life insurance policy and

that a constructive trust should be established in their favor. The determination of whether a life insurance policy is or is not the same as the one in effect at the time of the divorce decree is critical to finding an equitable interest. Frawley v. U.S. Steel Min. Co., 496 So.2d. 731 (Ala. 1986), see also Brown v. Connecticut General Life Ins. Co., 934 F.2d 1193 (11th Cir. 1991). Critical to the court's decision is the determination of whether or not the policy in effect at James Clapper's death was the same as the one he had earlier maintained, or whether it was a new and distinct policy which was not in effect at the time of his divorce and, therefore, not contemplated by the divorce decree. There is no question but that the life insurance policy maintained through Mannington was not a policy in effect at the time of the Judgment of Divorce and, therefore, does not fall within the language of that judgment requiring James Clapper "to maintain life insurance insuring his life with his minor children as beneficiaries...if available from Plaintiff's employer."

Under Alabama law, constructive trusts are used to prevent unjust enrichment and are only imposed when a property interest is acquired by fraud or when it would be inequitable to allow the property interest to be retained by the person who holds it. Coupounas v. Morad, 380 So.2d 800, 803 (Ala. 1980), Brown, 1990 WL 596927 (N.D.Ala.). There is no evidence that the life insurance policy with Great-West was attained by James Clapper in an attempt to fraudulently deprive his minor children, Jessica and Crystal, of benefits they were entitled to by way of the divorce decree. Rather, James Clapper took a job with Mannington in December of 1993, and the proceeds of the life insurance policy in question arose out of a group policy issued by Mannington. Where there is no evidence that a policy was

intentionally dropped and a subsequent policy purchased in its place in order to evade the interest of the beneficiaries under the first policy and the court's divorce decree, the prior beneficiary does not have an equitable interest in the proceeds of the subsequent policy.

For the foregoing reasons, the motion for summary judgment by Jay Scott Clapper is due to be GRANTED.

## Conclusion

No genuine issues of material fact exist with regard to any claims in this case. Therefore, this court concludes that plaintiff is entitled to summary judgment on the claim that Jay Scott Clapper is the correct beneficiary of James Clapper's life insurance policy. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

Done this 16th day of March, 1999.

Seybourn H. Lynne
Senior Judge